CRICHTON, J.,
dissents and assigns reasons.
| i While it appears the issues raised in the State’s original writ application are now moot, I dissent from the majority’s writ denial because I believe there was an abuse of discretion by the trial court through its authorization of ex parte issu-ances of witness subpoenas. In my view, the trial court’s reliance on State v. Touchet, 642 So.2d 1213 (La.9/6/94), is misplaced. In the majority opinion in Tou-chet, Justice Pike Hall thoroughly explains the exceptions to contradictory hearings, particularly where indigent defendants are concerned. Specifically, Touchet provides the bases for ex parte hearings for applications for various methods of funding for indigent criminal defendants (including expert witnesses), and the decision was purposefully narrowed to that issue. Id. at 1217, 1220-1. Based upon the information presented to this court, it does not appear any issues of indigent funding are present and as such, I cannot agree with the trial court’s reliance on Touchet in this instance. Furthermore, I do not agree that the request for service by the Sheriff would have been “severally [sic] impacted” by the Mardi Gras holiday and therefore, is an insufficient basis for the appointment of a special process server.
I also find that the circumstances in this matter, particularly the blatant ex parte communications that appear to have occurred between the trial judge and defense counsel, are troublesome and potentially violations of not only the Code of | gCriminal Procedure, but the Code of Judicial Conduct, as well as the Rules of Professional Conduct. For these reasons, I would grant the state’s writ application.